### JACOB C. VAN PELT v. ISAAC S. HARTOUGH.

1. The employee of a contractor to erect a building can proceed under the lien law for work done thereon, unless the contract of his employer is in writing.
2. The last clause of the 2d section of the mechanics' lien law,* and which is in the words following, viz., "And no building or land shall be liable for work done by any person not employed by the owner or agent on his account," refers to a building erected in whole or in part, by a contract in writing.
3. The effect of the clause is to protect a building erected in whole or in part by a contract in writing, from the liens of employees of contractors, even though such contract be not filed in the county clerk's office.

---

Error to the Circuit Court of Middlesex county.

The defendant in the court below, Jacob C. Van Pelt and one Sarah B. Van Pelt, his mother, who was a married woman, were the owners in fee, as tenants in common, of a certain house and lot situate in the county of Middlesex. They made a contract with one Robinson, a master painter, to do the whole of the painting on the said house, and they paid him the contract price in full. It does not appear in the state of the case agreed upon, whether this contract was in writing or not, but neither the contract itself nor any duplicate of it was filed in the clerk's office in Middlesex. The plaintiff below did part of the painting on the house in question, being a journeyman of Robinson, by whom he was employed. For the work so done he filed a mechanics' lien against Robinson as builder, and against the interest of Jacob C. Van Pelt in the house and lot as owner. Suit was brought on this lien and a verdict rendered for the plaintiff; the case came before this court by writ of error.

For the plaintiff, *W. H. Leupp.*

For the defendant, *W. Strong.*

*Repealed.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The first section of the mechanics' lien law declares that every building erected in this state after its passage, shall be liable for the payment of any debt contracted and owing to any person performing work or furnishing materials for the erection and construction thereof. *Nix. Dig.* 524.*   This provision is so comprehensive that if it had been left unconfined by subsequent restrictions, a lien would have been given to all persons who, under any circumstances whatever, performed any labor in the erection of a building or whose materials entered into its structure.   But the second section introduces two important qualifications, *viz.,* 1. That when a building is erected, in whole or in part, by a contract in writing, and such contract or a duplicate thereof is filed in the county clerk's office, the building and land shall be liable to the contractor alone for work and materials done under such contract; and 2. That no building or land shall be liable for work done by any person not employed by the owner or his agent on his account.

The clause creating this second exception to the general liability of the building has heretofore received a judicial construction in this state.   In the case of *The Associates of Jersey City* v. *Davison,* 5 *Dutcher* 424, the provision came for consideration before the Court of Errors, and it was held that the phrase, " no building or land shall be liable for work done by any person not employed by the owner or his agent on his account," was elliptical, and meant no *such* building as is previously mentioned in the section, *i. e.,* a building erected in whole or in part by a contract in writing.   The effect, therefore, given to the clause was to exempt from all claims of the employees of a contractor, a building put up by contract in writing, although such contract or a duplicate thereof, had not been filed.

The plaintiff in error does not bring his case within the rule of exemption thus established.   His claim is that the whole of the painting was done under a contract between himself and the master painter, and that the building was

---

* *Rev., p.* 668, ? 1.

protected by the clause of the act just referred to from the liens of the employees of such master workman. But it is not enough that the work was done by contract; to take away the right of the mechanics doing the labor to a lien, such contract must be in writing. The clause in question is very clear on this point.

The record now before this court does not manifest whether the contract in the present instance was in writing or not. In the absence of express evidence to this effect, we must infer that such was not the form of the agreement; the intendment will be in favor of the propriety and legality of the proceedings and judgment in the court below, as the well known rule is that all implications will be such, *ut res magis valeat quam pereat.*

Let the judgment below be affirmed.

CITED in *Summerman* v. *Knowles,* 4 *Vroom* 204.